IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY ROBINSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-5112 |
| | : | |
| **INTEGRATED DEICING SERVICES,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                                                                                  JANUARY 9, 2025

Plaintiff Jeffrey Robinson initiated this *pro se* civil action alleging claims of employment discrimination against Integrated Defendant Deicing Services ("IDS"). Robinson also filed a motion to proceed *in forma pauperis*, as well as a motion for appointment of counsel. For the reasons set forth, this Court grants Robinson leave to proceed *in forma pauperis*, will dismiss the Complaint without prejudice to Robinson filing an amended complaint, and denies his request for appointment of counsel.

**I.       FACTUAL ALLEGATIONS**[1]

Robinson used the Court's form complaint for alleging employment discrimination to plead his claims. (*See* Compl. at 4-8.) By checking the appropriate locations on the form Complaint, Robinson indicates that he brings claims of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as the Pennsylvania Human Relations Act ("PHRA"). (*Id.* at 4.) He listed the following as the discriminatory conduct of which he complains — "failure to promote me," "failure to stop harassment," "unequal terms and conditions of my employment" and "retaliation." (*Id.* at 5-6.)

---

[1]       The following allegations are taken from the Complaint and documents attached to the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Robinson, who was sixty-four years old when he filed the Complaint, alleges that he was passed over for a promotion more than eleven times in seven years, and four times in the last two years. (*Id.* at 6.) He claims that he has been told to "take my old ass on." (*Id.*) He asserts that company policies were violated, he was retaliated against, and his hours were reduced to twelve hours per week. (*Id.*) He also alleges a "failure to stop harassment being called out during drug screenings as old." (*Id.*) It appears that Robinson's employment has not been terminated, since he also indicated on the form Complaint that the Defendant continues to commit the acts of discrimination against him. (*See id.*)

Based on these allegations, Robinson seeks monetary relief. (*Id.* at 8.) Robinson attached to his Complaint a copy of the Notice of Right to Sue Letter that he received on June 25, 2024, from the Equal Employment Opportunity Commission. (*Id.* at 7, 11-12.).

## II.     STANDARD OF REVIEW

Because Robinson appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. As such, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to screen and dismiss the complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules —- they must abide by the same rules that apply to all other litigants.'" *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit (the "Third Circuit") has explained that in determining whether a pleading meets the "plain" statement requirement of Rule 8, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III. DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" including age. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the ADEA align with claims under Title VII); *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (claims under the PHRA are interpreted coextensively with their federal counterparts). Specifically, the ADEA prohibits discrimination against individuals who are over forty years of age. *See* 29 U.S.C. § 631(a); *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).

A plaintiff in an employment discrimination action may establish a *prima facie* case either through direct evidence of discrimination, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985), or based on circumstantial evidence, through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. The *McDonnell Douglas* framework provides that a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802.

To state a plausible claim, a plaintiff claiming a hostile work environment must allege intentional discrimination due to membership in a protected class, that was severe or pervasive, that detrimentally affected the plaintiff and would detrimentally affect a reasonable person in like circumstances, and that there was *respondeat superior* liability. *See Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023) (citing *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)). The *respondeat superior* element determines whether the employer may be liable for

acts of its employees. *Mandel*, 706 F.3d at 167 (citing *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009)). Generally, to allege this element plausibly, "the basis of an employer's liability for a hostile work environment claim depends on whether the harasser is the victim's supervisor or coworker. *Id*. at 169 (citing *Huston*, 568 F.3d at 104). "The Supreme Court has emphasized that conduct must be extreme to satisfy this standard, so simple teasing, offhand comments, and isolated incidents (unless extremely serious) are inadequate." *Id.* (internal quotations omitted). Indeed, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct." *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted). Further, to state a *prima facie* case of retaliation under the ADEA, a plaintiff must allege that he "(1) [that he engaged in] protected employee activity; (2) [an] adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (applying the *McDonnell Douglas* framework to Title VII, ADEA, and PHRA retaliation claims). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that she complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

While a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Although

Robinson used the court's standard form complaint, he has not plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of age discrimination.

Here, Robinson alleges that he was passed over for promotions, has been told to "take his old ass on," that company policies were violated, he suffered retaliation, his hours were reduced, and he was "called out during drug screenings as old." (Compl. at 6.) However, Robinson's allegations are undeveloped. He does not provide specific facts to support his conclusory assertions of discrimination. The Complaint in its current form falls short of presenting sufficient factual allegations to state plausible claims.

Having reviewed Robinson's submission in its entirety and construing the allegations in the Complaint liberally, the circumstances of the alleged discriminatory acts are unclear. Absent sufficient factual allegations explaining the discriminatory conduct and how that conduct was motivated by Robinson's age, the Complaint cannot support plausible claims under the ADEA or PHRA. *See, e.g., Carson v. Willow Valley Communities*, No. 17-2840, 2018 WL 827400, at *4 (E.D. Pa. Feb. 12, 2018) (dismissing ADEA claim where plaintiff failed to allege age-based adverse action and "only contend[ed] that he was over forty years of age and was terminated"), *aff'd*, 789 F. App'x 310 (3d Cir. 2019) (*per curiam*); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to).

Additionally, because Robinson did not include factual support for his conclusory allegations, the Complaint fails to provide fair notice to IDS of the grounds upon which the claims rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant

to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss his Complaint, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with the Federal Rules of Civil Procedure. Robinson may file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim[s]." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Additionally, Robinson's motion for appointment of counsel (ECF No. 3) will be denied, without prejudice, as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows, which contains additional instructions as to amendment.

*NITZA I. QUIÑONES ALEJANDRO, J.*